[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appeal under the provisions of R.I.G.L. 1956 §45-23-20, as amended, from a decision of the Portsmouth Zoning Board of Review which affirmed the Planning Board's decision approving the request of intervening defendants Eruest and Elizabeth Briggs for development of a subdivision. Before the Court are the certified record of the Zoning Board, which includes the record of the Planning Board, transcript of hearing before the Zoning Board September 17, 1992, and documentary evidence which each Board considered. Any doubt which the Court had re the impact of R.I.G.L. 1956 § 45-23-7, as amended, on the proceedings below (and the record here) was resolved by the affidavit of the secretary of the Board of Review, John G. Borden, dated July 6, 1993. The affidavit supplements the record certified and no objection thereto has been filed.
The Court has reviewed the pleadings, the record, has read the transcript above referred to, and has considered memoranda of counsel. The plaintiffs argue the Board abused its discretion, that its decision is not consistent with the health, welfare and master plan of the abutting neighborhoods, or the master plan of the town of Portsmouth.
The transcript of the de novo hearing held before the Zoning Board solidly supports that Board's decision dated September 18, 1992. The evidence before it more than satisfies the mandate ofE. Grossman Sons, Inc. v. Rocha, 118 R.I. 276 which holds if there is any competent evidence upon which the Board's decision rests, the Court must affirm. Much of the opposition to the request for approval came from lay witnesses who were concerned with the effect of the proposed use on neighborhood property values and traffic conditions. The Court's reasoning in Toohey v. Kilday, 415 A.2d 732 (R.I. 1980), a zoning appeal, applies with equal force here. There, the Court held that the lay judgments of neighbors concerning property values and traffic conditions have no probative force.
Plaintiffs also argue the decision is not "final." Approval was granted "upon the express condition that the final plans show catch basin distances and drainage grades in conformance with §§ 12 and 15 of the subdivision regulation checklist." The Court finds no fault as to that.
R.I.G.L. 1956, § 45-23-18(d), as amended, defines the powers of the Board of Review and endows it with "all the powers of the plan commission from whom the appeal was taken." And the General Assembly, in § 45-23-21, gave the plan commission "the fullest and most complete powers possible concerning the matters provided for herein."
The decision appealed from is affirmed, the complaint is denied and dismissed, and the clerk will forthwith enter judgment for defendants for costs.